

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00178-CV

———————————————

PATRICIA ELAINE MARTINEZ AKA PATRICIA ELAINE MARTINEZ PRINE,
Appellant

V.

HD TEXAS INVESTMENTS LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2021-002854-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In this forcible-detainer action, Appellant Patricia Elaine Martinez was evicted from a property owned by Appellee HD Texas Investments LLC. Martinez initially appealed her eviction, but just one week later, she notified this court that she had vacated the property and no longer wished to pursue her appeal.[1]

Because "[t]he only issue in a forcible detainer action is the right to actual possession of the premises," *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 790 (Tex. 2006), a forcible-detainer appeal becomes moot upon an appellant's eviction from the property unless (1) the appellant asserts a meritorious claim of right to current, actual possession of the property, or (2) damages or attorney's fees remain at issue. *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.); *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.). Martinez's correspondence with this court indicates that she has vacated the property and that (1) she no longer asserts a right to current, actual possession of the premises, and (2) no monetary awards remain at issue.[2]

---

[1]Martinez attempted to move to dismiss her appeal, but her motions to dismiss did not comply with the necessary filing requirements. *See* Tex. R. App. P. 10.1, 42.1(a)(1).

[2]The trial court did not award damages or attorney's fees; it awarded only court costs, which Martinez has indicated no desire to appeal and which she has averred she

Accordingly, we notified the parties that this case appeared moot. We warned them that we would dismiss the appeal unless, within ten days, they filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3; *Ratliff*, 2020 WL 1057320, at *1. More than ten days have passed, and neither party has filed a response.

Therefore, we vacate the trial court's judgment and dismiss the case as moot.[3] *See* Tex. R. App. P. 43.2(e); *Lomosi v. Mang*, No. 02-18-00218-CV, 2019 WL 1284910, at *2 (Tex. App.—Fort Worth Mar. 21, 2019, no pet.) (mem. op.).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: September 23, 2021

---

is unable to pay. *Cf. Marshall*, 198 S.W.3d at 790 (noting that "in some instances a case is not moot even though the only issue presented relates to court costs").

[3]The Texas Supreme Court addressed the appropriate disposition of a moot forcible-detainer action in *Marshall*. *Id.* at 785–90. There, as here, the appellant left the property after the trial court issued judgment, and the appellant did not assert a meritorious right to current possession of the property at the time of her appeal. *Id.* at 787. The supreme court held that because the "case [wa]s moot . . . the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place." *Id.* at 785. The court thus vacated the judgments of the court of appeals and the trial court, and it dismissed the case. *Id.* at 790.

We follow this binding precent by doing likewise. *See id.* at 788 (recognizing that "[o]ne purpose of vacating the underlying judgment . . . is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded").